No. 88–5804.   PAULINO *v.* UNITED STATES.   C. A. 2d Cir.
Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BRENNAN joins, dissenting.

In August 1987, two police officers observed a car parked in a high-crime area of New York City.   Seated in the front seat of the car was its owner and another occupant; petitioner was in the back seat.   The officers approached the car and began to ask questions of the owner.   As they did this, they saw petitioner lean over and appear to place an object on the floor.   Fearful that the item might be a weapon, the officers ordered the men out of the car and searched its interior.   The front and back seat areas were searched.   When one officer lifted the rear floormat, he found a packet of currency there.   He picked up the packet, removed a rubber band, and examined the bills closely.   He observed that all the bills had the same serial number and concluded that they were counterfeit.   Petitioner was arrested and charged with a counterfeiting offense.

The District Court granted petitioner's motion to suppress the fruits of the search of the packet, but the Second Circuit reversed. 850 F. 2d 93 (1988).   The panel majority agreed with petitioner that the officer, upon determining that the item beneath the floor mat was neither a weapon nor plainly contraband, "had no basis to take any further action." *Id.*, at 98.   "[A]bsent either probable cause or self-evident contraband the search and seizure of these bills was unjustified," the Court of Appeals concluded. *Ibid.* However, the Second Circuit nonetheless refused to suppress the evidence so obtained because it found that petitioner lacked a "reasonable expectation of privacy in the area searched." *Ibid.*

As I see it, the decision below was incorrect; it at least merits review here.   The Fourth Amendment protects from unreasonable searches not only an individual's home and person, but also his effects.   Even granting that petitioner had no "expectation of privacy" in the back seat of the car, he had standing to object to the violation of his Fourth Amendment rights when an admittedly illegal search and seizure of his property was conducted.   To conclude otherwise, as the Second Circuit did here, would suggest

that when someone lays a sheaf of papers down on a sales counter, or places a stack of documents on the bus seat beside him, or the like, the police may come along, pick up these items, and rifle through them—even if the officers lack probable cause or reasonable suspicion or any basis whatsoever for the search or seizure. None of our precedents reflects such an interpretation of the Fourth Amendment with respect to the right to resist the search and seizure of one's possessions, even when those possessions are in public places.

In its decision below, the Court of Appeals relied on our prior rulings in *Rawlings* v. *Kentucky*, 448 U. S. 98 (1980); *United States* v. *Salvucci*, 448 U. S. 83 (1980); and *Rakas* v. *Illinois*, 439 U. S. 128 (1978). These cases do support the notion that merely having a property right in a seized item does not give one standing to challenge the unlawful search of another person's property to find that item. *Salvucci, supra,* at 91; *Rawlings, supra,* at 105–106. But this case is different from the cases on which the Second Circuit relied. In those cases, the aggrieved defendants sought to challenge the legality of searches of others' private places, when those searches revealed contraband items belonging to the defendants. In this case, though, the officers opened and examined an item belonging to petitioner which, on its face, offered no justification for such an examination. This case is thus like the one we left open in *Rakas, supra,* at 142, n. 11.

We have noted repeatedly in the past that the Fourth Amendment "protects people, not places." *Katz* v. *United States*, 389 U. S. 347, 351 (1967). Just because petitioner's packet was in a place that was not private does not deprive him of a right to resist a search of that packet, any more than Chadwick was so deprived by his placement of his suitcase in a car which the police had no cause to search. See *United States* v. *Chadwick*, 433 U. S. 1 (1977); *United States* v. *Ross*, 456 U. S. 798, 812–813 (1982). Simply put, the Second Circuit confused petitioner's lack of standing to challenge the search of another's car *for* an item belonging to petitioner, with petitioner's right to challenge the search *of* an item belonging to him that was found within the car.

Nor is the sweep of the ruling below limited by observing that petitioner could have preserved his privacy interest in the packet of bills if he had kept it on his person. Such a view suggests that the officers could not have taken petitioner's wallet from his person and examined its contents but could have searched his brief-

case if he had had one on the seat beside him. It also suggests that the police, without a warrant or probable cause, could search and seize a person's briefcase checked in a public checkroom, or his luggage in a hotel lobby, or his personal effects in a public place. In none of these instances would such a person have standing to object to the officer's being where he was, but to say that he may not object to the seizure of his effects is suspect and merits review here. Consequently, I dissent from the Court's denial of review in this case.