101 F.3d 686
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES, Appellee,
v.
Jamil HAMDAN (aka "Jimmy") and Omar Adel Mohamed,
Defendants-Appellants.
 Nos. 95-1693, 95-1694.
 United States Court of Appeals, Second Circuit.
 June 10, 1996.
 
 APPEARING FOR APPELLEE: SAMUEL W. BUELL, Assistant United States Attorney, Eastern District of New York, Brooklyn, NY.
 APPEARING FOR APPELLANTS: JAMES T. MORIARTY and GERALD J. DICHIARA, New York, NY.
 E.D.N.Y.
 AFFIRMED.
 Present: Feinberg, Jacobs, Cabranes, Circuit Judges.
 
 
 1
 Jamil Hamdan and Omar Adel Mohamed conditionally pled guilty, under Fed.R.Crim.P. 11(a)(2), to one count of conspiracy to possess stolen property, in violation of 18 U.S.C. § 371. The condition was that they retained the right to appeal the district court's denial of their motion to suppress evidence seized from a truck they were driving when arrested. The district court accepted their pleas and sentenced them principally to prison terms of fifteen months and four months, respectively. Their sentences have been stayed pending this appeal. Consistent with their plea agreements, Hamdan and Mohamed appeal only the district court's order denying their motion to suppress the evidence seized from the truck. We affirm.
 
 
 2
 The district court's thorough opinion sets out the facts of this case. 891 F.Supp. 88, 90-91 (E.D.N.Y.1995). In brief, a truck with Magnavox TVs, stereos, and computer equipment was stolen from J.B. Hunt. Co. and then recovered with most of its cargo missing. One month later, the owner of a small trucking company was asked by an individual to transport some Magnavox products. The individual showed the owner a sample of the products, as well as paperwork that bore the name of J.B. Hunt Co. The owner contacted J.B. Hunt Co., which told him that its truck of Magnavox products had been stolen, and asked him to contact the FBI. He did.
 
 
 3
 The owner-turned-informant told the FBI that the individual had dictated to him the following plan for the pick-up of the Magnavox goods: the informant would drive his truck to a designated place where he would meet two men of Arab descent; the two men would take the truck from the informant, drive to a warehouse, and load the goods; the two men would then return the truck to the informant at the meeting place, and he would deliver the goods to their destination. The informant provided the Bureau with the place and time for the meeting, and a description of himself and his truck.
 
 
 4
 FBI surveillance corroborated the informant's tip. The meeting and transfer of the truck took place exactly as the informant had predicted; the individuals and the truck matched the informant's description; and the two men drove the truck to a warehouse where it was backed up to a loading dock for approximately one hour. During this time, the patrolling FBI agents could see only the front of the cab and could not see whether anything was actually being loaded into the truck.
 
 
 5
 After the truck pulled away from the warehouse, the agents stopped the truck and arrested the two men, Hamdan and Mohamed. The agents then searched the interior of the truck and found over 100 boxes of Magnavox electronics, a portion of the stolen goods. A subsequent search of the warehouse turned up the remaining boxes. The agents had a warrant for neither the arrest nor the searches.
 
 
 6
 In the district court, Hamdan and Mohamed claimed that the agents lacked probable cause to arrest them, to search the truck, and to search the warehouse, and moved to suppress the evidence seized from the truck and warehouse. 891 F.Supp. at 91. The district court held that the arrest and searches were supported by probable cause and denied the motion to suppress. Id. at 91-94. Only the denial of the motion to suppress the evidence seized from the truck is before us. We review probable cause determinations de novo. Ornelas v. United States, --- S.Ct. ----, ----, 1996 WL 276414, * 6 (May 28, 1996).
 
 
 7
 It is well settled that all parts of a motor vehicle and any containers inside it can be searched without a warrant if there is probable cause to believe that the vehicle contains contraband. United States v. Harwood, 998 F.2d 91, 96 (2d Cir.) (citing California v. Acevedo, 500 U.S. 565, 579 (1991); United States v. Ross, 456 U.S. 798, 808-09 (1982); Carroll v. United States, 267 U.S. 132, 156 (1925)), cert. denied, 114 S.Ct. 456 (1993). See also United States v. Paulino, 850 F.2d 93, 95-96 (2d Cir.1988), cert. denied, 490 U.S. 1052 (1989); United States v. Cruz, 834 F.2d 47, 51 (2d Cir.1987), cert. denied, 484 U.S. 1077 (1988).
 
 
 8
 We agree with the district court that the agents had probable cause under the "totality-of-the-circumstances" test to believe that the truck contained the stolen Magnavox products. See Illinois v. Gates, 462 U.S. 213, 230-31 (1983). The detailed information provided by the informant was corroborated perfectly by the agents' independent surveillance. This corroboration allowed the agents to conclude that all of the information provided by the informant (including his claim that the individual who originally approached him showed him paperwork bearing the name of the victimized company) was reliable. See United States v. Wagner, 989 F.2d 69, 72-73 (2d Cir.1993).
 
 
 9
 In short, based on the informant's statements and the agents' surveillance, " 'there [was] a fair probability that contraband ... [would] be found in [the truck driven by Hamdan and Mohamed].' " Harwood, 998 F.2d at 96 (quoting Gates, 462 U.S. at 238). It does not matter that the defendants' actions as viewed by the patrolling agents did not, on their own, constitute a crime because, as the district court explained, "even 'innocent behavior frequently will provide the basis for a showing of probable cause.' " 891 F.Supp. at 92 (quoting Gates, 462 U.S. at 243 n. 13). We therefore hold that the search of the truck was supported by probable cause.
 
 
 10
 Because the search was valid, the judgment of the district court is affirmed.